UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

BYRAN WALKER, MICHAEL McDUFFEN, and
SEAN McCRAY,

                Plaintiffs,

  - against -

ERNEST H. LORCH, et al,

                Defendants.

------------------------------------X

BYRAN WALKER, MICHAEL McDUFFEN, and
SEAN McCRAY,

                Plaintiffs,

  - against -

RIVERSIDE CHURCH, VARIOUS MEMBERS OF
THE RIVERSIDE CHURCH BOARD OF TRUSTEES
WHOSE NAMES ARE UNKNOWN AND TUHS
DESIGNATED AS "JOHN DOES" 1-20, ERNEST
H. LORCH, AND JOHN DOES 21-30,

                Defendants.

------------------------------------X

12 Civ. 9282 (RWS)

OPINION

12 Civ. 9282 (RWS)

OPINION

A P P E A R A N C E S:

    Attorneys for Plaintiffs BRYAN WALKER,
    MICHAEL McDUFFEN and SEAN McCRAY

    LAW OFFICE OF LAWRENCE W. LUTTRELL
    2137 State Route 35, 3rd Floor
    Holmdel, New Jersey 07733
    By:  Lawrence W. Luttrell, Esq.

    Attorneys for Defendants RIVERSIDE CHURCH AND VARIOUS
       MEMBERS OF RIVERSIDE CHURCH BOARD OF TRUSTEES

    PATTON, EAKINS, LIPSETT, MARTIN & SAVAGE
    488 Madison Avenue, Suite 1120
    New York, NY 10022
    By:  John Glenn Lipsett, Esq.

    Attorneys for Defendant ERNEST H. LORCH

    LAW OFFICE OF FREDERICK H. COHN
    111 Broadway, Suite 1805
    New York, NY 10006
    By:  Frederick Harvey Cohn, Esq.

Defendants Riverside Church and Defendants identified in the caption as "various members of the Riverside Church board of trustees" (collectively, "Riverside Defendants" or "Riverside"), as well as the estate of Ernest H. Lorch ("Mr. Lorch"), have moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint filed by Plaintiffs Byron Walker ("Mr. Walker"), Michael McDuffen ("Mr. McDuffen"), and Sean McCray ("Mr. McCray") (collectively, "Plaintiffs"). For the reasons set forth below, Defendants' Motion to Dismiss is granted.

## I. *PRIOR PROCEEDINGS*

The Plaintiffs initiated these actions against Defendants with the filing of the Complaint on December 13, 2012. Plaintiffs' Complaint alleges that (i) Plaintiffs were sexually abused by Mr. Lorch, (ii) that the abuse was an intentional and inhumane abuse of official power, (iii) that this abuse deprived Plaintiffs of their of their liberty interest under the Due Process Clause and 42 U.S.C. § 1983 of the Civil Rights Act of 1964, and (iv) that as a direct and proximate result of the aforesaid conduct by Defendant, Plaintiffs suffer damages. (Compl. ¶¶ 18-22.) Plaintiffs' also allege that they were denied full and equal enjoyment of the services, privileges and advantages of Defendants' basketball program in violation of 42

U.S.C. 2000a, in that they were targeted for sexual abuse based upon their race and/or color, and that both Mr. Lorch and the Riverside Defendants violated Title IX by subjecting Plaintiffs to sexual abuse while members of the Riverside Hawks. (Compl. ¶¶ 25-27; ¶¶ 47-48.) Additionally, Plaintiffs allege that Mr. Lorch breached his fiduciary duty to the Plaintiffs in his capacity as coach, and that the Riverside Defendants had a duty to use reasonable care to protect the Plaintiffs by supervising them or by not retaining persons under their control who they knew, or should have known, had a propensity to sexually abuse children. (Compl. ¶¶ 51-58.) Finally, Plaintiffs contend that Defendants breached their duty to Plaintiffs in engaging in fraudulent concealment of above complained abuse, and in particular that Mr. Lorch made representations to Plaintiffs to prevent them from filing a timely action against Mr. Lorch, entitling Plaintiffs' to bypass the statute of limitations based upon equitable estoppel. (Compl. ¶¶ 65-71.)[1]

On May 1, 2013, Defendants filed a Motion to Dismiss Plaintiffs' Complaint. This motion was heard and marked fully submitted on June 4, 2013.

---

[1] Plaintiffs also assert that based on Mr. Walker's initiation of criminal allegations of sexual abuse against Mr. Lorch in June of 2009 through the Hampshire County District Attorney, there was a revival of the Statute of Limitations allowing Plaintiffs one year from the termination of those criminal actions, or one year from August 3, 2012, pursuant to NY-CPLR § 215(8). (Compl. ¶¶ 74-78.)

**II. BACKGROUND**

This action arises from incidents of alleged sexual abuse by Mr. Lorch occurring during the period of January 1, 1975 through December 31, 1984, when Plaintiffs were members of the youth basketball program known as Riverside Hawks coached by Mr. Lorch and conducted at Riverside Church. (See Defendants' Memorandum ("Mem.") at 1.) Plaintiffs are all African-American and Mr. Lorch is Caucasian. (Plaintiff's Opposition ("Opp. Mem.") at 1.)

In 2002, Robert Holmes ("Mr. Holmes"), represented at the time by Plaintiffs' current counsel, brought similar allegations against Mr. Lorch. (Id.) Mr. Holmes filed a civil lawsuit in the Southern District of New York, and a motion to dismiss alleging statute of limitations (later treated as a motion for summary judgment) was denied based on evidence that Mr. Lorch paid Mr. Holmes over $2 million to stay quiet and thus that the doctrine of equitable estoppel barred Mr. Lorch from enforcing the statute of limitations. (Opp. Mem. at 2.) The case was ultimately settled in January of 2006. (Id.) Shortly thereafter, another former player, David Powell ("Mr. Powell") filed the second civil suit against Mr. Lorch alleging sexual abuse while at Riverside Church during the 1980s. (Id.) As with Mr. Holmes, Mr. Powell alleged that Mr. Lorch promised to

financially provide for him for the rest of his life so long as he kept silent about the abusive relationship.  (*Id.*)

Plaintiffs in the instant motion bring the third action against Mr. Lorch and similarly allege that he promised them financial stability in exchange for their silence, which Mr. Lorch later fulfilled through various means, including paying parts of college tuition, travel expenses, and direct payments in the form of cash, checks, and wire transfers.  (*Id.*)  More specifically, Mr. Lorch arranged for shell companies to be formed for the purpose of receiving the money paid to Plaintiffs Mr. McCray and Mr. Walker, and promised Mr. McDuffen and Mr. McCray that he would make a significant bequest of them in his will.  (*Id.*)  As a result of these representations, none of the Plaintiffs in this action moved forward with a civil suit against Mr. Lorch until the present matter.  (*Id.* at 2-3.)

In April of 2009, Plaintiffs initiated settlement discussions through Mr. Lorch's counsel, and rejected Mr. Lorch's offer of an $80,000 settlement.  (*Id.* at 3.)  Mr. Lorch's counsel then sought an injunction barring any civil suit by Plaintiffs.  (*Id.*)  The injunctive relief was denied by the Court, and was inactive until recent dismissal.  (*Id.*)

Plaintiffs contend that at this time, they did not file counterclaims against Mr. Lorch based on the injunctive civil

suit because they still believed a settlement was possible, and because they did not want to interfere with, or comprise, a criminal investigation of Mr. Lorch in Hampshire County, Massachusetts. (*Id.*) Indeed, in 2010, Hampshire County secured a criminal indictment against Mr. Lorch for attempting to sexually assault Mr. Walker during a Riverside Hawks road trip at the University of Massachusetts. (*Id.*) Mr. Lorch fought extradition from this indictment on the basis of mental and/or physical incompetence. (*Id.* at 3-4.) While the indictment was pending, Mr. Lorch passed away in May of 2012. On August 3, 2012, after receiving a copy of the death certificate, Hampshire County dismissed the indictment. (*Id.*)

Thereafter, when Mr. Lorch's Will was submitted for probate and made no bequest for Mr. McCray and only a nominal bequest for Mr. McDuffen, the Plaintiffs joined together with the present complaint. (*Id.*)

Both Defendants have filed a Motions to Dismiss Plaintiffs' Complaint. Mr. Lorch moves to dismiss Plaintiffs' Fourth, Fifth and Sixth causes of action, assault and battery, breach of fiduciary duty and intentional infliction of emotional distress, on statute of limitations grounds and for insufficient evidence with respect to the intentional infliction of emotional distress claim. The Riverside Defendants contend that Plaintiffs' motion

should be dismissed for failure to state a claim in that all counts against all the Riverside Defendants, including assault and battery, breach of fiduciary duty, intentional infliction of emotional distress, negligent hiring, negligent retention and negligent supervision, are barred by the statute of limitations and all counts against the individual Riverside Defendants are barred by the immunity conferred by section 720-a of the New York Not-for-Profit Corporation Law.

### III.   STANDARD OF REVIEW

On a motion to dismiss pursuant to Rule 12(b)(6), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). The issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir. 1995) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 235-36 (1974)).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

Plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570. Though the court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555).

### IV. PLAINTIFFS' FAIL TO STATE A CLAIM UNDER 42 U.S.C. 1983, 42 U.S.C. 2000a, AND 42 U.S.C. 2000d

Plaintiffs allege in Count One of the Complaint that Mr. Lorch, as founder, director, trustee and/or coach of the Riverside Hawks, and Riverside Defendants, as authorized representatives of Amateur Athletics Union of the U.S., Inc. ("AAU"), received federal assistance for the basketball program in which Plaintiffs participated, and that the abuse by Mr. Lorch deprived Plaintiffs' of their liberty interest under the Due Process Clause of the Fourteenth Amendment. *See* 42 U.S.C. § 1983. In Counts Two and Three, Plaintiffs further allege that the operations and activities of the AAU and Riverside hawks affected commerce as defined under Section 42 U.S.C. § 2000a, and that Plaintiffs, while members of the Riverside Hawks, were denied full and equal enjoyment of services, privileges and advantages of Defendant's program because they were targeted for sexual abused based on their race and/or color and have a right

to be free from this targeted discrimination.  See 42 U.S.C. § 2000a; 42 U.S.C. § 2000d.

First, to prove a 1983 claim, a plaintiff must establish that the defendant deprived him of this constitutional right "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory," and in particular that the defendant acted "under color of law."  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1969) (*citing* Monroe v. Pape, 365 U.S. 167, 184 (1961)).  Plaintiffs fail to cite any supporting facts or allegations that Defendants acted under "color of law."

Second, a plaintiff seeking to enforce the substantive provisions of Section 2000a can obtain only injunctive relief. See 42 U.S.C. § 2000a-3(a); *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968). Plaintiffs must therefore show a "real or immediate threat that [they] will be wronged again-'a likelihood of substantial and immediate irreparable injury.'" *City of Los Angeles v. Lyons,* 461 U.S. 95, 111, (quoting *O'Shea v. Littleton,* 414 U.S. 488, 502 (1974)). Plaintiffs have failed to, and indeed cannot, allege such a threat.

Finally, 601 of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to

discrimination under any program or activity receiving Federal financial assistance." Plaintiffs do not allege any facts, other than to say that Mr. Lorch was Caucasian and Plaintiffs are African American, establishing a policy of racial discrimination or that they were discriminated under the program based on their race.

Accordingly, Counts One, Two and Three are dismissed as to all Defendants.

## V. PLAINTIFFS' SEVENTH CAUSE OF ACTION (TITLE IX) AGAINST RIVERSIDE DEFENDANTS IS DISMISSED

Plaintiffs allege that the Riverside Defendants violated Title IX of the Education Amendments of 1972, codified as 20 U.S.C. §§ 1681-88, by subjecting Plaintiffs to sexual abuse while members of the Riverside Hawks, resulting in severe psychological suffering. (Compl. ¶¶ 47-50.) Title IX provides, in relevant part, that:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any educational program or activity receiving Federal financial assistance.

20 U.S.C. §§ 1681-88. Plaintiffs have not, however, plead any facts establishing that they were targeted for sexual abuse based on their race, other than the conclusory assertion that all three Plaintiffs are African American and Mr. Lorch is Caucasian. As such, Plaintiffs' have failed to adequately

allege a claim under Title IX, and Defendants' Motion to Dismiss this claim is granted.

### VI.   PLAINTIFFS' EIGHTH AND NINTH CAUSES OF ACTION (NEGLIGNET SUPERVISION AND NEGLIGENT RETENTION) AGAINST RIVERSIDE DEFENDANTS ARE DISMISSED

Plaintiffs' further allege that the Riverside Defendants had a duty to protect Plaintiffs from a person they knew, or should have known, had a propensity to commit sexual abuse in their capacity as supervisors and in retaining Mr. Lorch. (Compl. ¶¶ 52-60.)  Plaintiffs concede that the instant action was filed after the running of the statute of limitations for those claims, see *Green v. Emmanuel African Methodist Episcopal Church,* 278 A.D.2d 132, 718 N.Y.S.2d 324 (1st Dep't 2000) (negligent supervision and negligent retention carry three year statute of limitations), but argue that Riverside is precluded from asserting the statute of limitations defense by the doctrine of equitable estoppel.  As shown above, "[e]quitable estoppel may be invoked to defeat a statute of limitations defense when the 'plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Matter of Eberhard v. Elmira City School Dist.*, 6 A.D. 3d 971, 972 (3d Dep't 2004) (*quoting Simcuski v. Saeli*, 44 N.Y. 2d 442, 448-49) (1978)).

The Complaint does not, however, allege any *actual* misrepresentations made to or deception practiced upon Plaintiffs by the Riverside Defendants. "Where concealment without actual misrepresentation is claimed to have prevented a plaintiff from commencing a timely action, the plaintiff must demonstrate a fiduciary relationship ... which gave the defendant an obligation to inform him or her of facts underlying the claim" in order to estop a defendant from raising the statute of limitations as a defense. *Hetelekides v. Ford Motor Co.,* 299 A.D.2d 868, 750 N.Y.S.2d 404 (4th Dep't 2002) (*quoting Gleason v. Spota,* 194 A.D.2d 764, 765, 599 N.Y.S.2d 297 (2nd Dep't 1993)).

Plaintiffs therefore assert that the Riverside Defendants breached a fiduciary duty to Plaintiffs to advise Plaintiffs of the right to file a cause of action for the alleged sexual abuse, and that at various times the Riverside Defendants engaged in fraudulent concealment of the alleged abuse, including declining to investigate, not reporting allegations, and accepting money payments from Mr. Lorch for covering up the abuse.

Plaintiffs have not, however, alleged that the Defendants had any unique or distinct relationship with Plaintiffs necessary to establish a fiduciary relationship. *See Doe v.*

*Holy See*, 17 A.D. 3d 793 (3d Dep't 2005) (Plaintiff may not rely on church's status in general to establish a fiduciary relationship, but must come forward with facts demonstrating that his or her relationship with the institution was somehow unique or distinct from that of other parishioners aside from boilerplate or conclusory assumptions); *see also Martinelli v. Bridgeport R.C. Diocesan Corp.*, 196 F.3d 409, 429-30 (2d Cir. 1999). Moreover, assuming that a fiduciary relationship existed at or about the time of the alleged abuse, Plaintiffs have not established that they commenced these actions in a reasonably timely fashion. "Even 'in cases involving fiduciary relationships, tolling ceases to work to a plaintiff's benefit when the plaintiff possesses sufficient facts that he must engage in some inquiry, and he fails to live up to that obligation.'" *Levy v. Aaron Faber, Inc.*, 148 F.R.D. 114, 120 (S.D.N.Y.1993) (quoting *Zola v. Gordon,* 685 F.Supp. 354, 365 (S.D.N.Y.1988)). Here, Plaintiffs possessed knowledge sufficient to have been able to commence the instant action in a timely fashion, and have not articulated any facts establishing that Defendants prevented them from timely commencing suit. It is undisputed that Plaintiffs ceased participating in the Riverside Church Youth Basketball Program at the latest in 1984. Any tolling of the statute of limitations by reason of equitable estoppel based on a fiduciary relationship arising from

Plaintiffs' participation in the Riverside basketball program would thus have long since expired, and Plaintiffs have asserted no new supported allegations or facts to the contrary. In addition, aside from conclusory speculation that the Riverside Defendants concealed the abuse and took payments from Mr. Lorch to cover it up, Plaintiffs have proffered no evidence to support these contentions or establish that the Riverside Defendants were aware of the alleged sexual abuse and withheld this knowledge. Therefore, equitable estoppel does not apply. Plaintiffs' Eighth and Nine causes of action, Negligent Supervision and Negligent Retention, are thus barred by the statute of limitations.[2]

### VII. BECAUSE PLAINTIFFS FEDERAL CLAIMS ARE DISMISSED, THE COURT DELCINES TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS STATE LAW CLAIMS AND THE STATE LAW CLAIMS ARE THEREFORE DISMISSED

Defendants move to dismiss Plaintiffs' Fourth, Fix and Sixth causes of action, for assault and battery, breach of

---

[2] The Riverside Defendants also assert that all counts against all individual Riverside Defendants are barred by Section 720-a of the New York Not-For-Profit Corporation Law. (Mem. at 9.) Section 720-a provides, in relevant part, that "no person serving without compensation as a director, officer or trustee of a corporation, association, organization or trust described in Section 501(c)(3) of the United States internal revenue code shall be liable to any person other than such corporation, association, organization or trust" unless such person was grossly negligent or was intending to cause the resulting harm. The Church's status as a Section 501(c)(3) tax exempt organization is confirmed by IRS letter dated May 13, 1999 (Affidavit of Howard Haughton ("Haughton Aff."); Exhibit B.) Plaintiffs do not respond to this contention, nor does the Complaint state any allegations that any specific individual on the Riverside Church Board committed gross negligence or intentionally inflicted harm.

fiduciary duty and intentional infliction of emotional distress, respectively. "[A] district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988); *Klein & Co. Futures, Inc. v. Bd. of Trade*, 464 F.3d 255, 262 (2d Cir. 2006) ("[W]here, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.")

Because Plaintiffs' federal claims are dismissed in the instant action, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law causes of action, or grant Plaintiffs leave to amend the Complaint to include the additional state law claims of Fraud and Promissory Estoppel.[3]

---

[3] Plaintiffs are incorrect that the fact that Mr. McDuffen is diverse from all Defendants is sufficient to establish Diversity Jurisdiction. Diversity

Thus, Plaintiffs state law claims in Counts Four, Fix and Six are dismissed, and Plaintiffs' request to amend the Complaint is denied.

---

Jurisdiction under 28 U.S.C. § 1332 requires complete diversity between all Plaintiffs and all Defendants.  See 28 U.S.C. § 1332.

## VIII. CONCLUSION

Based upon the conclusions set forth above, Defendants' Motion to Dismiss is granted.

It is so ordered.

**New York, NY**
**June 27, 2013**

_____
ROBERT W. SWEET
U.S.D.J.